Powdrell & Alexander, Inc.  
vs.    }No. 78869.  
Fields Point Mfg. Co.

### April 28, 1932.

BLODGETT, J. Heard upon demurrer to amended declaration of Apolonia Kuna, Administratrix.

May 5, 1931, Mr. Justice Churchill sustained a demurrer to a declaration filed by Apolonia Kuna, administratrix of the estate of Olympia Kuna, said declaration being filed under a provision of the Statutes of Connecticut, upon the declaration.

To the amended declaration defendant demurs on two grounds:

(1) That there is no allegation of due care on part of deceased in connection with happening of the injuries complained of.

(2) That declaration does not set forth any law or statute of Connecticut authorizing the personal representative of a deceased person to sue, or to join in a suit for the wrongful death of an employee.

The declaration sufficiently alleges due care on the part of the deceased, and further sets forth the statute of Connecticut relative to bringing action, and also the section of said statute relative to the bringing of an action by an executor or administrator for wrongful death.

Demurrer of defendant to amended declaration of Apolonia Kuna is overruled.

For plaintiff: Hinckley, Allen, Tillinghast, Phillips & Wheeler.

For defendant: Henshaw, Lindemuth & Baker.

Charles B. Walker  
  et al.  
    vs.   }Eq. No. 11226.  
Margaret L. Ursillo  
  et al.

### April 29, 1932.

TANNER, J. This is a bill in equity brought to enforce a restriction contained in a deed.

The respondents are the owners of a lot 50 by 80 feet, or thereabouts, on the corner of Pontiac Avenue and Chestnut Avenue on Eden Park Plat No. 2 in Cranston. The deed under which the respondents hold said lot contains the restriction that "all buildings built or placed thereon shall be placed on said plat not less than 15 feet from the line of any avenue and 8 feet from the line of any street. * * *"

The respondents are about to build or have commenced to build a house for business purposes upon said lot and are placing said building within 15 feet from Chestnut Avenue. The respondents argue that the words "any avenue" contained in said restriction mean only one avenue, which they consider to be Pontiac Avenue. They argue that this should be the construction of the restriction in the deed; that there are about 637 lots upon said plat and only 32 of them are upon Pontiac Avenue; there are 8 avenues running back from Pontiac Avenue and 3 streets running at right angles to said avenues on said plat; that, there-

fore, when the original owners of the plat used printed deeds containing this restriction but leaving vacant the number of feet to be placed in the restriction, they were thinking of the very great majority of the lots as to which the restriction could be satisfied by its application to one side of the lot only, since only the corner lots on Pontiac Avenue would admit of applying the restriction to more than one side. But it is just as valid an argument that the owners of the plat intended the restriction to apply to both sides of the lots on Pontiac Avenue and all other avenues on said plat.

Failure to apply the restriction to all the corner lots on Pontiac Avenue would very much impair the effect of the restriction to all other lots on all the other avenues on the plat and would affect adversely the value of all such lots. Furthermore, it requires us to disregard the plain language of the restriction.

>Brigham vs. Mulock Co., 74 N. J. Eq. 287.

The respondents also argue that, notwithstanding this plain language, the circumstance that the application of the restriction to a corner lot on Pontiac Avenue would require building upon a space 35 by 65 or more feet proves that the intention of the parties to the deed could not have been to apply the 15-foot restriction to two sides of the lot.

Failure to apply this restriction, however, to both sides of the lot would be a great injustice to the remaining abutting owners on Chestnut Avenue, who have all set their houses back 15 feet from Chestnut Avenue. Furthermore, when the lot was sold originally with this restriction, there were no business buildings built on said Pontiac Avenue and perhaps no immediate prospect of such buildings. Even the restricted amount of land left for building would admit of placing a house there of fair size, according to

the extent of the lot, and the observance of the restriction on both sides would certainly add greatly to the appearance of the building.

The respondents argue further that the word "any" preceding the word "avenue" should mean one, but while the word "any" might mean one, it would only be when there was but one object to which it could apply. If there were more than one object, it would have to apply to all and would thus mean all instead of one.

It has also been argued that, because Pontiac Avenue has been zoned for business purposes, this would affect the restriction.

We think, under the authorities we have seen, that this could only be so where the character of the neighborhood had changed so substantially into business buildings that restrictions would be held to be useless.

54 Am. Law Reports, 826.

We therefore feel obliged to grant the prayer of the injunction.

For complainant: Dominique S. Pavon.

For respondent: Edward M. Sullivan.